

**RECORDER OF DEEDS
MONTGOMERY COUNTY**
*Nancy J. Becker*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

MTG BK 13819 PG 01441 to 01449
INSTRUMENT # :
RECORDED DATE: 08/08/2014 09:06:43 AM



**MONTGOMERY COUNTY ROD**

## OFFICIAL RECORDING COVER PAGE

Page 1 of 9

| | |
|---|---|
| **Document Type:** Mortgage Modification | **Transaction #:**  - 1 Doc(s) |
| **Document Date:** 03/13/2014 | **Document Page Count:** 8 |
| **Reference Info:** | **Operator Id:** |

| | |
|---|---|
| **RETURN TO:** (Simplifile)<br>First American Title Insurance Co.- API<br>1100 Superior Avenue #200<br>Cleveland, OH 44114 | **PAID BY:**<br>FIRST AMERICAN TITLE INSURANCE CO- API |

**\* PROPERTY DATA:**
Parcel ID #:
Address:              349 MULBERRY DR

LIMERICK  PA
19468
Municipality:        Limerick Township (100%)
School District:     Spring-Ford Area

**\* ASSOCIATED DOCUMENT(S):**
MTG BK 12821 PG 02381

**CONSIDERATION/SECURED AMT:**    113839.89

**FEES / TAXES:**
| | |
|---|---|
| Recording Fee:Mortgage Modification | $76.00 |
| Additional Pages Fee | $8.00 |
| **Total:** | **$84.00** |

MTG BK 13819 PG 01441 to 01449
Recorded Date: 08/08/2014 09:06:43 AM

I hereby CERTIFY that
this document is
recorded in the
Recorder of Deeds
Office in Montgomery
County, Pennsylvania.

*Nancy J. Becker*

**Nancy J. Becker
Recorder of Deeds**

# PLEASE DO NOT DETACH

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

EXHIBIT C

This Document Prepared By:
**RENA' D. PATTERSON**
**WELLS FARGO BANK, N.A.**
**3476 STATEVIEW BLVD, MAC# X7801-03K**
**FORT MILL, SC 29715**
**(800) 416-1472**

When Recorded Mail To:
**FIRST AMERICAN TITLE**
**ATTN: LMTS**
**P.O. BOX 27670**
**SANTA ANA, CA 92799-7670**

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
▬▬▬▬▬▬▬  LIMERICK TOWNSHIP
349 MULBERRY DR
STANAITIS WILLIAM S & PENNY M                    $15.00
B 026B  L 194  U 102  1101 08/08/2014              JD

Tax/Parcel No. ▬▬▬▬▬▬▬

_____ [Space Above This Line for Recording Data] _____

Original Principal Amount: $145,749.00                    FHA/VA Loan No.▬▬▬▬
Unpaid Principal Amount: $137,563.94                       FHA Case No.▬▬▬▬▬
New Principal Amount $113,839.89                            Loan No: (scan barcode)
New Money (Cap): $0.00

## LOAN MODIFICATION AGREEMENT (MORTGAGE)
### (Providing for Fixed Rate)

This Loan Modification Agreement ("Agreement"), made this **13TH** day of **MARCH, 2014**, between **WILLIAM S. STANAITIS AND PENNY M. STANAITIS, AS TENANTS BY THE ENTIRETIES** ("Borrower"), whose address is **349 MULBERRY DRIVE, ROYERSFORD, PENNSYLVANIA 19468** and **WELLS FARGO BANK, N.A.** ("Lender"), whose address is **3476 STATEVIEW BLVD, MAC# X7801-03K, FORT MILL, SC 29715** amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated **APRIL 6, 2010** and recorded on **APRIL 20, 2010** in **BOOK 12821  PAGE 02381, MONTGOMERY COUNTY, PENNSYLVANIA,** and (2) the Note, in the original principal amount of U.S. **$145,749.00, bearing the same date as,** and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at **349 MULBERRY DRIVE, ROYERSFORD, PENNSYLVANIA 19468**

Wells  Fargo  Custom  HUD-HAMP  Loan  Modification  Agreement
▬▬▬▬

First American Mortgage Services                    Page 1

the real property described is located in **MONTGOMERY COUNTY, PENNSYLVANIA** and being set forth as follows:

## SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower agrees that certain amounts owed will not be capitalized, waived, or addressed as part of this Agreement, and will remain owed until paid. These amounts owed are referenced in the Cover Letter to this Agreement, which is incorporated herein, and are to be paid with the return of this executed Agreement. If these amounts owed are not paid with the return of this executed Agreement, then Lender may deem this Agreement void.

2. As of, **APRIL 1, 2014** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$113,839.89**, consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest in the amount of U.S. **$0.00** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed. **This Unpaid Principal Balance has been reduced by the contemporaneous HUD Partial Claim amount of $23,724.05. This agreement is conditioned on the proper execution and recording of this HUD Partial Claim.**

3. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.5000%**, from **APRIL 1, 2014**. The Borrower promises to make monthly payments of principal and interest of U.S. **$576.81**, beginning on the 1ST day of **MAY, 2014**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **APRIL 1, 2044** (the "Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

4. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may require immediate payment in full of all sums secured by this Security Instrument.

    If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on the Borrower.

5. The Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement.

6. The Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever cancelled, null and void, as of the date specified in Paragraph No. 1 above:

Wells Fargo Custom HUD-HAMP Loan Modification Agreement

    (a)  all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)  all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

7.  Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

8.  Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

9.  If included, the undersigned Borrower(s) acknowledges receipt and acceptance of the Notice of Special Flood Hazard disclosure

08/08/2014  09:08:43 AM

In Witness Whereof, the Lender have executed this Agreement.

WELLS FARGO BANK, N.A.

**Torri Xiong**
By _____   **Vice President Loan Documentation**   4/21/14
                        (print name)                              Date
                        (title)

_____   [Space Below This Line for Acknowledgments] _____

**LENDER ACKNOWLEDGMENT**

STATE OF ___MN___                    COUNTY OF ___Dakota___

The  instrument  was  acknowledged  before  me  this  __4-21-2014__  by

___Torri Xiong___,                                              the

**Vice President Loan Documentation**   of   WELLS   FARGO   BANK,   N.A.,

a **Vice President Loan Documentation** _____ , on behalf of said company.

_____
Notary Public

Printed Name: __Cynthia M Schaefer__

My commission expires: __Jan 31 2015__

THIS DOCUMENT WAS PREPARED BY:
RENA' D. PATTERSON
WELLS FARGO BANK, N.A.
3476 STATEVIEW BLVD, MAC# X7801-03K
FORT MILL, SC 29715

*(Notary seal: CYNTHIA M SCHAEFER, NOTARY PUBLIC, MINNESOTA, MY COMMISSION EXPIRES 01/31/15)*

Wells  Fargo  Custom  HUD-HAMP  Loan  Modification  Agreement

First American Mortgage Services                    Page 4

In Witness Whereof, I have executed this Agreement.

_Borrower: WILLIAM S STANAITIS_      03/25/14
                                                                 Date

_Penny M. Stanaitis_      3/25/14
Borrower: PENNY M STANAITIS                                               Date

Borrower:                                                                Date

Borrower:                                                                Date

[Space Below This Line for Acknowledgments]

## BORROWER ACKNOWLEDGMENT

STATE OF _Pennsylvania_

COUNTY OF _Montgomery_

On this, the _25th_ day of _March_ . _2014_ , before me _Heather L. Kokonus_ , the undersigned officer, personally appeared **WILLIAM S STANAITIS, PENNY M STANAITIS**, known to me (or satisfactorily proven) to be the person whose name subscribed to the within instrument, and acknowledged that (he/she/they) executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal

_Heather L. Kokonos_
Notary Public

Printed Name: _Heather L. Kokonos_

My commission expires: _3/9/2016_

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Heather L. Kokonos, Notary Public
Limerick Twp., Montgomery County
My Commission Expires March 9, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

08/08/2014 09:08:43 AM                    MTG:501-5819PG:07/14                    MONTCO

EXHIBIT A

BORROWER(S): WILLIAM S. STANAITIS AND PENNY M. STANAITIS, AS TENANTS BY THE
ENTIRETIES

LOAN NUMBER:  (scan barcode)

LEGAL DESCRIPTION:

ALL THAT CERTAIN LOT OR PIECE OF LAND WITH THE BUILDINGS AND IMPROVEMENTS
TO BE ERECTED THEREON, SITUATE IN THE TOWNSHIP OF LIMERICK, COUNTY OF
MONTGOMERY, AND COMMONWEALTH OF PENNSYLVANIA, BOUNDED AND DESCRIBED
ACCORDING TO A FINAL SUBDIVISION PLAN OF THE HERR TRACT MADE FOR THE
CUTLER GROUP, INC., DRAWN BY J. STAATS BROKAW ASSOCIATES, INC., DATED 11-4-1988,
LAST REVISED 3-16-1989 AND RECORDED IN PLAN BOOK A-51 PAGE 190, AS FOLLOWS, TO-
WIT: BEGINNING AT A POINT ON THE SOUTHWESTERLY SIDE OF MULBERRY DRIVE (50
FEET WIDE), SAID POINT OF BEGINNING BEING AT A POINT A CORNER OF LOT NO. 195 AS
SHOWN ON SAID PLAN; THENCE EXTENDING FROM SAID POINT OF BEGINNING AND
EXTENDING ALONG THE LINE OF SAID LOT NO. 195, SOUTH 45 DEGREES 50 MINUTES 29
SECONDS WEST, 124.90 FEET TO A POINT, A CORNER OF LOT NO. 193 AS SHOWN ON SAID
PLAN; THENCE EXTENDING ALONG THE LINE OF SAID LOT NO. 193, NORTH 44 DEGREES
09 MINUTES 31 SECONDS WEST, 120.00 FEET TO A POINT ON THE SOUTHEASTERLY SIDE OF
MULBERRY DRIVE; THENCE EXTENDING ALONG THE SAID SOUTHEASTERLY SIDE OF
MULBERRY DRIVE, WHICH TURNS INTO THE SOUTHWESTERLY SIDE OF MULBERRY
DRIVE AND MEASURING IN A NORTHEASTERLY TURNING TO A SOUTHEASTERLY
DIRECTION ALONG THE ARC OF A CIRCLE CURVING TO THE RIGHT HAVING A RADIUS OF
125.00 FEET, THE ARC DISTANCE OF 191.35 FEET TO A POINT, A CORNER OF LOT NO. 195,
AFORESAID, BEING THE FIRST MENTIONED POINT AND PLACE OF BEGINNING. BEING
LOT NO. 194 ON SAID PLAN. UNDER AND SUBJECT, HOWEVER, TO A DECLARATION OF
COVENANTS, RESTRICTIONS, EASEMENTS, RESERVATIONS, CHARGES, AND LIENS ON
DEVELOPMENT KNOWN AS HEATHER GLEN, BY HEATHERGLEN, INC., DATED 8-22-1989
AND RECORDED 11-30-1989 IN DEED BOOK 4931 PAGE 5.

ALSO KNOWN AS: 349 MULBERRY DRIVE, ROYERSFORD, PENNSYLVANIA 19468



Date: **MARCH 13, 2014**
Loan Number: (scan barcode)
Lender: **WELLS FARGO BANK, N.A.**

Borrower: **WILLIAM S STANAITIS, PENNY M STANAITIS**

Property Address: **349 MULBERRY DRIVE, ROYERSFORD, PENNSYLVANIA  19468**

## NOTICE OF NO ORAL AGREEMENTS

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____      03/20/14
Borrower                                       Date
**WILLIAM S STANAITIS**

_____      3/25/14
Borrower                                         Date
**PENNY M STANAITIS**

_____      _____
Borrower                                         Date

_____      _____
Borrower                                          Date

_____      _____
Borrower                                          Date

_____      _____
Borrower                                          Date

## CERTIFICATE OF RESIDENCE

**TITLE OF DOCUMENT**
LOAN MODIFICATION AGREEMENT

**BETWEEN:**
WILLIAM S STANAITIS, PENNY M STANAITIS (assignor/Mortgagor/grantor)

**AND:**
WELLS FARGO BANK, N.A. (assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within name Mortgagee is:
WELLS FARGO BANK, N.A.
3476 STATEVIEW BLVD, MAC# X7801-03K
FORT MILL, SC 29715

By: _Rena D. Patterson_

Print Name: _Rena' D. Patterson_

Title: _LSS - 3_

First American Mortgage Services




MTG BK 15321 PG 02578 to 02589
INSTRUMENT # :
RECORDED DATE: 07/14/2021 11:23:48 AM



RECORDER OF DEEDS
MONTGOMERY COUNTY
*Jeanne Sorg*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**MONTGOMERY COUNTY ROD**

| OFFICIAL RECORDING COVER PAGE | Page 1 of 12 |
|---|---|

| | | |
|---|---|---|
| **Document Type:** Mortgage Modification | **Transaction #:** ▢ - 1 Doc(s) | |
| **Document Date:** 05/07/2021 | **Document Page Count:** 11 | |
| **Reference Info:** | **Operator Id:** | |

| **RETURN TO:** (Simplifile) | **PAID BY:** |
|---|---|
| First American Title Insurance Company | FIRST AMERICAN TITLE INSURANCE COMPANY |
| 3 First American Way | |
| Santa Ana, CA 92707-5913 | |
| (714) 250-4260 | |

**\* PROPERTY DATA:**
Parcel ID #:    ▢
Address:        349 MULBERRY DR

                LIMERICK  PA
                19468
Municipality:   Limerick Township (100%)
School District:  Spring-Ford Area

**\* ASSOCIATED DOCUMENT(S):**
MTG BK 12821 PG 02381

| FEES / TAXES: | | MTG BK 15321 PG 02578 to 02589 |
|---|---|---|
| Recording Fee:Mortgage | | Recorded Date: 07/14/2021 11:23:48 AM |
| Modification | $80.75 | |
| Additional Pages Fee | $14.00 | I hereby CERTIFY that this document is |
| | | recorded in the Recorder of Deeds Office in |
| **Total:** | **$94.75** | Montgomery County, Pennsylvania. |



**Jeanne Sorg**
**Recorder of Deeds**

Rev1 2016-01-29

# PLEASE DO NOT DETACH
THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT
NOTE: If document data differs from cover sheet, document data always supersedes.
\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION

This Document Prepared By:
HEATHER MCCABE
WELLS FARGO BANK, N.A.
1 HOME CAMPUS
DES MOINES, IA 50328
(800) 416-1472

When Recorded Mail To:
FIRST AMERICAN TITLE CO.
FAMS – DTO RECORDING
3 FIRST AMERICAN WAY
SANTA ANA, CA 92707-9991

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
▓▓▓▓▓▓▓    LIMERICK TOWNSHIP
349 MULBERRY DR
STANAITIS WILLIAM S & PENNY M                      $15.00
B 026B  L 194  U 102  1101 07/09/2021              JU

Tax/Parcel #: ▓▓▓▓▓▓▓

_____ [Space Above This Line for Recording Data] _____

Original Principal Amount: $145,749.00         Investor Loan No.:
Unpaid Principal Amount: $101,380.65           Loan No: (scan barcode)
New Principal Amount: $116,474.26
Total Cap Amount: $15,093.61

## LOAN MODIFICATION AGREEMENT (MORTGAGE)

Executed on this day: MAY 7, 2021
Borrower ("I")[1]: WILLIAM S STANAITIS, PENNY M STANAITIS
Borrower Mailing Address: 349 MULBERRY DRIVE, ROYERSFORD, PENNSYLVANIA 19468
Lender or Servicer ("Lender"): WELLS FARGO BANK, N.A.
Lender or Servicer Address: 1 HOME CAMPUS, DES MOINES, IA 50328
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") APRIL 6, 2010 and the Note ("Note")
date of APRIL 6, 2010 and Recorded on APRIL 20, 2010 in INSTRUMENT NO. 2010031946  BOOK
12821  PAGE 02381, of the OFFICIAL Records of MONTGOMERY COUNTY, PENNSYLVANIA
Property Address ("Property"): 349 MULBERRY DRIVE, ROYERSFORD, PENNSYLVANIA 19468

Legal Description:

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I" or "my") shall include the plural (such as "we" or "our") and vice versa where appropriate.

Wells Fargo Custom Non HAMP ▓▓▓▓▓▓▓

Page 1



SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:

This Loan Modification Agreement ("Agreement") is made on MAY 7, 2021 by and between Borrower, as obligor(s), or as title holder(s) to the Property, as the context may require, and Lender. Borrower's obligations under the Note are secured by a properly recorded Mortgage, dated the same date as the Note encumbering the Property. Borrower agrees that, except as expressly modified in this Agreement, the Note and the Mortgage remain in full force and effect and are valid, binding obligations upon Borrower, except as discharged in Bankruptcy, and are properly secured by the Property.

If my representations in Section 1, Borrower Representations, continue to be true in all material respects, then this Agreement will amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are hereafter referred to as the "Loan Documents" Capitalized terms used in this Agreement and not defined have the meaning given to them in the Loan Documents.

In consideration of the covenants hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed as follows (notwithstanding anything to the contrary in the Loan Documents).

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement.

Nothing in this Agreement shall be understood or construed to be a satisfaction or release, in whole or in part of the Borrower's obligations under the Loan Documents. Further, except as otherwise specifically provided in this Agreement, the Loan Documents will remain unchanged, and Borrower and Lender will be bound by, and shall comply with, all of the terms and provisions thereof, as amended by this Agreement:

1.  **Borrower Representations.**

    I certify, represent to Lender and agree:

    A.  I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and/or (ii) I do not have sufficient income or access to sufficient liquid assets to make the mortgage payments now or in the near future; I did not intentionally or purposefully default on the Mortgage Loan in order to obtain a loan modification;

    B.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the modification, are true and correct;

    C.  If Lender requires me to obtain credit counseling in connection with the modification, I will do so;

    D.  I have made or will make all payments required within this modification process;

    E.  In consideration of the covenants hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, it is agreed as follows (notwithstanding anything to the contrary in the Loan Documents).

Wells Fargo Custom Non HAMP 

Page 2

2. **The Modification.**

   A. The modified principal balance of the Note will include amounts and arrearages that will be past due as of the Modification Effective Date (which may include unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, valuation, property preservation, and other charges not permitted under the terms of this modification, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to the modified loan. The new principal balance of the Note will be $116,474.26 (the "New Principal Balance"). Borrower understands that by agreeing to add the Unpaid Amounts to the principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. Borrower also understands that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

   B. Interest at the rate of 3.2500% will begin to accrue on the New Principal Balance as of MAY 1, 2021 and the first new monthly payment on the New Principal Balance will be due on JUNE 1, 2021 Interest due on each monthly payment will be calculated by multiplying the New Principal Balance and the interest rate in effect at the time of calculation and dividing the result by twelve (12). The payment schedule for the modified Loan is as follows:

   | Months | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment | Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On |
   |--------|---------------|---------------------------|----------------------------------------|-------------------------------|------------------------|-------------------|
   | 360    | 3.2500%       | 05/01/2021                | $506.90                                | $515.17                       | $1,022.07              | 06/01/2021        |

   \* After the modification is complete, escrow payments adjust at least annually in accordance with applicable law; therefore, the total monthly payment may change accordingly.

   The above terms shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

3. **Loan Modification Terms.**

   This Agreement hereby modifies the following terms of the Loan Documents as described herein above as follows:

   A. The current contractual due date has been changed from JANUARY 1, 2020 to JUNE 1, 2021. The first modified contractual due date is JUNE 1, 2021.

   B. The maturity date is MAY 1, 2051.

   C. The amount of Recoverable Expenses* to be capitalized will be U.S. $0.00.

   *Recoverable Expenses may include, but are not limited to: Title, Attorney fees/costs, BPO/Appraisal, and/or Property Preservation/Property Inspections.

   D. Lender will forgive outstanding Other Fees U.S. $0.00.

Wells Fargo Custom Non HAMP 

Page 3

  E. Lender will forgive outstanding NSF Fees U.S. $0.00.

  F. Lender agrees to waive all unpaid Late Charges in the amount of U.S. $133.12.

  G. The amount of interest to be included (capitalized) will be U.S. $6,360.82.

  H. The amount of the Escrow Advance to be capitalized will be U.S. $8,732.79.

**4. Additional Agreements.**

I agree to the following:

  A. If applicable, the Note may contain provisions allowing for changes in the interest rate and the monthly payment. The Note limits the amount the Borrower's interest rate can change at any one time and the maximum rate the Borrowers must pay.

  B. If a biweekly loan, the Loan will convert to a monthly payment schedule. References in the Loan Documents to "biweekly," "every two weeks," and "every other Monday" shall be read as "monthly," except as it relates to the Modified Maturity Date. Interest will be charged on a 360-day year, divided into twelve (12) segments. Interest charged at all other times will be computed by multiplying the interest bearing principal balance by the interest rate, dividing the result by 365, and then multiplying that daily interest amount by the actual number of days for which interest is then due. As part of the conversion from biweekly to monthly payments, any automatic withdrawal of payments (auto drafting) in effect with Lender for the Loan are cancelled.

  C. Funds for Escrow Items. I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.E. I shall pay Lender the Funds for Escrow Items unless Lender waives the obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. The obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and Agreement contained in the Loan Documents, as the phrase "covenant and Agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.E.



Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

D.  If the Borrowers balance has been reduced as a result of this new Agreement, it is understood that any credit life, accident and health, and involuntary unemployment insurance written in connection with this loan has been cancelled, and that any refund of unearned premiums or charges made because of the cancellation of such credit insurance is reflected in the amount due under this Agreement. *Exception:* In the state of California, Life, A&H, and IUI insurance must be cancelled, with refunds applied to the account prior to entry of the settlement transaction, even though there is no reduction in balance as part of the settlement.

E.  If this loan has "Monthly Add-On Premium" Credit Life or Credit Accident & Health Insurance coverage, it is understood and agreed that the Borrowers acceptance of this Agreement will result in the cancellation of the above-mentioned insurances.

F.  If the Borrower's home owners insurance should lapse, **Wells Fargo Home Mortgage** reserves the right to place Lender Placed Insurance (LPI) on the account. If LPI is placed on the account the monthly payment could increase. All other terms of the modification Agreement will not be affected by the LPI and will remain in effect with accordance to this Agreement.

G.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Loan Documents. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Loan Documents. If

Wells Fargo Custom Non HAMP

Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any
remedies permitted by the Loan Documents without further notice or demand on Borrower.

H.  If Borrower has a pay option adjustable rate mortgage Loan, upon modification, the minimum
monthly payment option, the interest-only or any other payment options will no longer be offered
and that the monthly payments described in the above payment schedule for the modified Loan will
be the minimum payment that will be due each month for the remaining term of the Loan.

I.  If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the 1-4 Family
Modification Agreement Rider Assignment of Rents.

J.  If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the Notice of
Special Flood Hazard disclosure.

K.  CORRECTION AGREEMENT: The undersigned Borrower(s), for and in consideration of the
approval, closing and funding of this Modification, hereby grants Wells Fargo Home Mortgage, as
lender, limited power of attorney to correct and/or initial all typographical or clerical errors
discovered in the Modification Agreement required to be signed. In the event this limited power of
attorney is exercised, the undersigned will be notified and receive a copy of the document executed
or initialed on their behalf. This provision may not be used to modify the interest rate, modify the
term, modify the outstanding principal balance or modify the undersigned's monthly principal and
interest payments as modified by this Agreement. Any of these specified changes must be executed
directly by the undersigned. This limited power of attorney shall automatically terminate in 180
days from the closing date of the undersigned's Modification, or the date any and all documents that
the lender requires to be recorded have been successfully recorded at the appropriate office,
whichever is later. Borrower agrees to make and execute such other documents or papers as
necessary or required to effectuate the terms and conditions of this Agreement which, if approved
and accepted by Lender, shall bind and inure to their heirs, executors, administrators, and assigns of
the Borrower.

L.  If the Borrower's Loan is currently in foreclosure, the Lender will attempt to suspend or cancel the
foreclosure action upon receipt of the first payment according to this Agreement. Lender agrees to
suspend further collection efforts as long as Borrowers continue making the required payments
under this Agreement.

M.  All the rights and remedies, stipulations, and conditions contained in the Loan Documents relating
to default in the making of payments under the Loan Documents shall also apply to default in the
making of the modified payments hereunder.

N.  This Agreement shall supersede the terms of any modification, forbearance, trial period plan or
other mortgage assistance that the Borrower previously entered into with Lender.

O.  In cases where the Loan has been registered with Mortgagee who has only legal title to the interests
granted by the Borrower in the Loan Documents, Mortgagee has the right to exercise any or all of
those interests, including, but not limited to, the right to foreclose and sell the Property and to take
any action required of Lender including, but not limited to, releasing and canceling the Loan.

P.  If the Loan Documents govern a home equity loan or line of credit, then Borrower agrees that as of
the Modification Effective Date, the right to borrow new funds under the home equity loan or line

Wells Fargo Custom Non HAMP 

of credit is terminated. This means that Borrower cannot obtain additional advances and must make payments according to this Agreement. Lender may have previously terminated or suspended the right to obtain additional advances under the home equity loan or line of credit, and if so, Borrower confirms and acknowledges that no additional advances may be obtained.

Q. Unless this Agreement is executed without alteration and is signed and returned along with the following documents with the payment, if required, within 15 days from the date of this letter in the enclosed, prepaid overnight envelope, it will be of no force or effect and the Loan will remain subject to all existing terms and conditions provided in the Loan Documents. Upon receipt of a properly executed Agreement, this Agreement will become effective on MAY 1, 2021.

R. I agree that this Agreement will be null and void if the Lender is unable to receive all necessary title endorsement(s), title insurance product(s) and/ or subordination Agreement(s).

S. Borrower must deliver to Wells Fargo Home Mortgage a properly signed modification Agreement by MAY 22, 2021. If Borrower does not return a properly signed modification Agreement by this date Wells Fargo Home Mortgage may deny or cancel the modification. If the Borrower returns properly signed modification Agreement by said date, payments pursuant to the loan modification Agreement are due as outlined in this modification Agreement. Wells Fargo Home Mortgage may deny or cancel this loan modification Agreement if Borrower fails to make the first payment due pursuant to this loan modification Agreement.

All Borrowers are required to sign and date this Agreement in blue or black ink only as the borrowers' name appears below. If signed using any other color or method, the document will not be accepted and another copy of the Agreement will be sent to the Borrower to be signed.

By signing below, all Borrowers certify they have read this Agreement in its entirety, that all Borrowers know and understand the meaning and intent of this Agreement and that all Borrowers enter into this Agreement knowingly and voluntarily. By signing below, all Borrowers agree to all terms and conditions described on every page of this Agreement.



In Witness Whereof, I have executed this Agreement.

Borrower: WILLIAM S STANAITIS

Borrower: PENNY M STANAITIS

05/17/21
Date

5/19/21
Date

## BORROWER ACKNOWLEDGMENT

STATE OF ___Pennsylvania___

COUNTY OF ___Montgomery___

On this, the ___19___ day of ___May___, ___2021___, before me ___Heather Lynn Moore___, the undersigned officer, personally appeared __WILLIAM S STANAITIS, PENNY M STANAITIS__, known to me (or satisfactorily proven) to be the person whose name subscribed to the within instrument, and acknowledged that (he/she/they) executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal

Notary Public

Printed Name: ___Heather Lynn Moore___

My commission expires: ___February 3, 2023___

Commonwealth of Pennsylvania - Notary Seal
Heather Lynn Moore, Notary Public
Montgomery County
My commission expires February 3, 2023
Commission number 1255973
Member, Pennsylvania Association of Notaries

Wells Fargo Custom Non HAMP

07/14/2021 11:23:48 AM                           MTG BK 15321  PG 02587                          MONTCO

In Witness Whereof, the Lender has executed this Agreement.

WELLS FARGO BANK, N.A.
        Jessica Gadea Sanchez
        Vice President Loan Documentation

By: (print name)                                                        (sign)                           6/15/2021
        (title)                                                                                               Date

_____ [Space Below This Line for Acknowledgments] _____

## LENDER ACKNOWLEDGMENT

STATE OF _minnesota_

COUNTY OF _Ramsey_

This instrument was acknowledged before me
                                                                                Jessica Gadea Sanchez

_____ JUN 1 5 2021 _____ (date) by _____

(name(s) of person(s)) as __Vice President Loan Documentation__ (type of authority, e.g.,

officer, trustee, etc.) of **WELLS FARGO BANK, N.A.** (name of party on behalf of whom

the instrument was executed).

Notary Public

Printed Name: ___CYNTHIA ANN GERWIG___

My Commission Expires:

_____ JAN 3 1 2024 _____

CYNTHIA ANN GERWIG
Notary Public-Minnesota
My Commission Expires Jan 31, 2024

Wells Fargo Custom Non HAMP

Page 9

## EXHIBIT A

BORROWER(S):  WILLIAM S STANAITIS, PENNY M STANAITIS

LOAN NUMBER:  (scan barcode)

LEGAL DESCRIPTION:

The land referred to in this report is situated in the TOWNSHIP OF LIMERICK, COUNTY OF MONTGOMERY AND STATE OF PENNSYLVANIA, and described as follows:

BOUNDED AND DESCRIBED ACCORDING TO A FINAL SUBDIVISION PLAN OF THE HERR TRACT MADE FOR THE CUTLER GROUP, INC., DRAWN BY J. STEVEN BROKAW ASSOCIATES, INC., DATED 11-4-1988, LAST REVISED 3-16-1989 AND RECORDED IN PLAN BOOK A-51 PAGE 199, AS FOLLOWS, TO-WIT:

BEGINNING AT A POINT ON THE SOUTHWESTERLY SIDE OF MULBERRY DRIVE (50 FEET WIDE), SAID POINT OF BEGINNING BEING AT A POINT A CORNER OF LOT NO. 195 AS SHOWN ON SAID PLAN; THENCE EXTENDING FROM SAID POINT OF BEGINNING AND EXTENDING ALONG THE LINE OF SAID LOT NO. 195, SOUTH 45 DEGREES 50 MINUTES 29 SECONDS WEST, 124.90 FEET TO A POINT, A CORNER OF LOT NO. 193 AS SHOWN ON SAID PLAN; THENCE EXTENDING ALONG THE LINE OF SAID LOT NO. 193, NORTH 44 DEGREES 09 MINUTES 31 SECONDS WEST, 120.00 FEET TO A POINT ON THE SOUTHWESTERLY SIDE OF MULBERRY DRIVE; THENCE EXTENDING ALONG THE SAID SOUTHEASTERLY SIDE OF MULBERRY DRIVE, WHICH TURNS INTO THE SOUTHWESTERLY SIDE OF MULBERRY DRIVE AND MEASURING IN A NORTHEASTERLY TURNING IN A SOUTHEASTERLY DIRECTION ALONG THE ARC OF A CIRCLE CURVING TO THE RIGHT HAVING A RADIUS OF 125.00 FEET, THE ARC DISTANCE OF 191.35 FEET TO A POINT, A CORNER OF LOT NO. 195, AFORESAID, BEING THE FIRST MENTIONED POINT AND PLACE OF BEGINNING.

BEING LOT NO. 194 ON SAID PLAN.

ALSO KNOWN AS: 349 MULBERRY DRIVE, ROYERSFORD, PENNSYLVANIA 19468

Wells Fargo Custom Non HAMP 

Page 10

07/14/2021  11:23:48 AM

MONTCO

# CERTIFICATE OF RESIDENCE

## TITLE OF DOCUMENT
LOAN MODIFICATION AGREEMENT (MORTGAGE)

**BETWEEN:**
WILLIAM S STANAITIS, PENNY M STANAITIS (assignor/Mortgagor/grantor)

**AND:**
WELLS FARGO BANK, N.A. (assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within named Mortgagee is:
WELLS FARGO BANK, N.A.
1 HOME CAMPUS
DES MOINES, IA 50328

By: _____    6/15/2021

Print Name:    Jessica Gadea Sanchez
              Vice President Loan Documentation

Title: _____