IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| IN RE: WILLIAM STEVEN STANAITIS ) | |
|     PENNY MIFFLIN STANAITIS ) | CHAPTER 13 |
|     **Debtor(s)** ) | |
| ) | CASE NO. 23-12187-PMM |
| HYUNDAI CAPITAL AMERICA dba ) | |
| HYUNDAI MOTOR FINANCE ) | 11 U.S.C. 362 |
|     **Moving Party** ) | |
| ) | 11 U.S.C. 1301 |
|     v. ) | |
| ) | |
| WILLIAM STEVEN STANAITIS ) | HEARING DATE: **5-8-24 at 1:00 PM** |
| PENNY MIFFLIN STANAITIS ) | |
|   HUNTER J STANAITIS ) | |
|     **Respondent(s)** ) | |
| ) | |
| KENNETH E. WEST | |
|     **Trustee** | |

**STIPULATION OF SETTLEMENT OF MOTION OF HYUNDAI MOTOR FINANCE FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY**

This matter having been brought before the Court on a Motion For Relief From The Automatic Stay And Co-Debtor Stay by William E. Craig, Esquire, attorney for Hyundai Capital America dba Hyundai Motor Finance ("Hyundai"), and the Debtors having opposed such Motion through their counsel, Michael Assad, Esquire, and the parties having resolved said Motion as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

1. That Hyundai is the holder of a first purchase money security interest in a 2022 Hyundai Venue bearing vehicle identification number KMHRB8A36NU202037.

2. That the Debtors are to pay Hyundai's claim for the vehicle through their Chapter 13 Plan.

3. That the Debtors are to pay Hyundai the replacement value of the vehicle of $25,037.17 (the net loan balance) plus interest at the contract rate of 11.40% over the life of the Plan.

4. That commencing June 2024, the Debtors agree to allow the Chapter 13 Trustee to make monthly adequate protection payments to Hyundai in the amount of $250.00 up to and after confirmation and normal distributions begin to be paid to Hyundai.

     Thereafter, the Trustee shall make the payments to Hyundai as provided for by the confirmed plan.  The Debtors shall receive a credit for all adequate protection payments made against the total amount to be received by Hyundai through the Plan.

5. That commencing May 2024, if the Debtors fail to make any payment to the Chapter 13 Trustee within thirty (30) days after it falls due, Hyundai may send, via electronic and regular mail, the Debtors and counsel a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay and co-debtor stay.

6. That the Debtors must maintain insurance on the vehicle.  The vehicle must have full comprehensive and collision coverage with deductibles not exceeding $500.00 each.  Hyundai Motor Finance must be listed as loss payee.  If the Debtors fail to maintain valid insurance, Hyundai may send, via electronic and regular mail, the Debtors and counsel a written notice of default of this Stipulation.  If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay and co-debtor stay.

7. That Hyundai shall retain its lien on the vehicle until the earlier of payment of the underlying debt under non-bankruptcy law or the Debtors receiving a discharge.

8. That the parties agree that a facsimile signature shall be considered an original signature.

We hereby agree to the form and entry of this Order:

/s/ Michael Assad
Michael Assad, Esquire
Attorney for the Debtors


/s/ William E. Craig
William E. Craig, Esquire
Attorney for Hyundai Capital America
d/b/a Hyundai Motor Finance


/s/ Jack Miller           *No Objection*
Jack Miller               *Without Prejudice To Any Rights Or Remedies*
For Chapter 13 Trustee